UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TRAVIS EDWARD FISCHER,

Petitioner,

v.

UNITED STATES OF AMERICA,

Respondent.

Case No. C18-1177RSM

ORDER DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255

## I. INTRODUCTION

Before the Court is Petitioner's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence. Dkt. #1. Petitioner Travis Edward Fischer challenges the 30-month sentence imposed on him by this Court following his jury-trial conviction for mail fraud, theft of government funds, Social Security fraud, Social Security Number Misuse, and making False Statements to the United States. *Id.* at 1; Case No. 2:15-cr-00117-RSM, Dkt. #89. Petitioner challenges his sentence on four grounds. Dkt. #1. The Government responds that Mr. Fischer's claims are either procedurally barred or otherwise without legal merit. Dkt. #6. Mr. Fischer has failed to file a timely Reply brief. *See* Docket; Dkt. #8 (Order Granting in Part an Extension of Time). After full consideration of the record, and for the reasons set forth below, the Court DENIES Mr. Fischer's § 2255 Motion.

ORDER DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 - 1

## II. BACKGROUND

The background facts of this case are accurately set forth in the Government's Opposition brief, Dkt. #6. The Court need only recite the procedural background of this case.

On April 15, 2015, Fischer was charged in a twenty-count indictment with the following crimes: (1) Mail Fraud in violation of 18 U.S.C. § 1341 (8 counts); (2) Theft of Public Funds in violation of 18 U.S.C. § 641 (8 counts); (3) Social Security Fraud—Concealment in violation of 42 U.S.C. § 1383a(a)(3); (4) Social Security Number Misuse in violation of 42 U.S.C. § 408(a)(7)(A); and (5) False Statement to the United States in violation of 18 U.S.C. § 1001 (2 counts). Dennis Carroll of the Office of the Federal Public Defender was appointed to represent Fischer. Carroll was eventually joined in that representation by Assistant Federal Public Defender Corey Endo of the same office.

The jury trial in this case began on March 21, 2016. The government called fourteen witnesses over three trial days. The defense called no witnesses, putting on its case through cross-examination of the government's witnesses. On March 24, 2016, a jury found Fischer guilty on all eighteen counts on which the government proceeded to trial. On June 23, 2016, this Court sentenced Fischer to a term of imprisonment of 30 months and ordered restitution of $466,100.92. *See* Dkt. #1-1.

The Office of the Federal Public Defender continued to represent Fischer post-trial. Fischer filed a timely appeal that raised one issue: whether the inclusion in the jury instructions of a chart summarizing the Indictment's Theft of Public Funds charges, including the name of the particular government agency the government alleged to be the source of the stolen funds, constituted an improper comment on the evidence. *See* Case No. 2:15-cr-00117-RSM, Dkt.

#91. On October 24, 2017, the United States Court of Appeals for the Ninth Circuit affirmed Fischer's convictions. *Id*.

Mr. Fischer is currently on federal supervision and thus "in custody" for purposes of 28 U.S.C. § 2255. His Motion is timely under that statute (see below).

### III. DISCUSSION

#### A. Legal Standard

A motion under 28 U.S.C. § 2255 permits a federal prisoner in custody to collaterally challenge his sentence on the grounds that it was imposed in violation of the Constitution or laws of the United States, or that the Court lacked jurisdiction to impose the sentence or that the sentence exceeded the maximum authorized by law. A petitioner seeking relief under § 2255 must file his motion within the one-year statute of limitations set forth in § 2255(f).

#### B. Evidentiary Hearing

The Court agrees with the Government that an evidentiary hearing is not required in this case because Mr. Fischer's challenge to his sentence does not contain any "specific factual allegations that, if true, state a claim on which relief could be granted." Dkt. #6 at 4 (citing *United States v. Leonti*, 326 F.3d 1111, 1116 (9th Cir. 2004)).

#### C. Procedural Bar to Grounds 1 and 3

Mr. Fischer's first ground is "denial of 6th Amendment right to confront the witnesses," and is described further as his inability to cross examine witnesses who did not testify at trial. Dkt. # 1 at 4. Ground three is "mail fraud" and elaborated with only the following sentence: "I was unaware that someone else was using my identification to make false documents." *Id*. at 7.

A claim may not be raised in a Section 2255 motion if the defendant had a full opportunity to be heard on the claim during the trial phase and on direct appeal. *See Massaro*

*v. United States*, 123 S. Ct. 1690, 1693 (2003). Where a defendant fails to raise an issue before the trial court, or presents the claim but then abandons it, and fails to include it on direct appeal, the issue is deemed "defaulted" and may not be raised under Section 2255 except under unusual circumstances. *Bousley v. United States*, 523 U.S. 614, 622 (1998); *see also United States v. Braswell*, 501 F.3d 1147, 1149 & n.1 (9th Cir. 2007). Unless the petitioner can overcome this procedural default, the Court cannot reach the merits of his claims. *See Bousley*, 523 U.S. at 622. To do so, the petitioner must "show both (1) 'cause' excusing his double procedural default, and (2) 'actual prejudice' resulting from the errors of which he complains." *United States v. Frady*, 456 U.S. 152, 168 (1982).[1] To demonstrate "cause" for procedural default, a defendant generally must show that "some objective factor external to the defense" impeded his adherence to a procedural rule. *Murray*, 477 U.S. at 488. *See also United States v. Skurdal*, 341 F.3d 921, 925 (9th Cir. 2003). The Supreme Court has held that "cause" for failure to raise an issue exists "where a constitutional claim is so novel that its legal basis is not reasonably available to counsel." *Reed v. Ross*, 468 U.S. 1, 16 (1984). The "prejudice" prong of the test requires demonstrating "not merely that the errors at . . . trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Frady*, 456 at 170.

Here, the Government argues that Mr. Fischer fails to assert that grounds one and three were unavailable at trial or that they constitute a novel constitutional or legal claim. *See* Dkt. #6 at 10–11. The Court agrees with the reasons stated by the Government, and thus Mr. Fischer cannot establish cause for any prior failure to develop these claims in this proceeding.

---

[1] Another means by which procedural default may be excused is by establishing actual innocence. *See Bousley*, 523 U.S. at 622. Here, though Mr. Fischer appears to claim innocence of the false statement and mail fraud charges at issue in grounds one and three, the Court agrees with the Government that he does not argue that newly discovered evidence or any other post-trial development establishes that innocence, and that his statement of innocence alone is insufficient to overcome the procedural default.

ORDER DENYING PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 - 4

In any event, Mr. Fischer has not shown prejudice with the few sentences in his Motion and has failed to file a Reply brief.

### D. Ground Two

In "Ground Two" of his Motion, Mr. Fischer claims that he was "ordered to pay restitution illegally." Dkt. #1 at 6. The Government argues that "[w]hatever Fischer's reasons are for believing that the restitution order (which was challenged neither at the time of sentencing nor on direct appeal) is illegal, his claim is not cognizable on this motion" because "[o]rders to pay fines or restitution are not confinement" and "cannot be raised in a motion pursuant to 28 U.S.C. § 2255." Dkt. #6 at 15 (citing *United States v. Thiele*, 314 F.3d 399, 401-02 & n.3 (9th Cir. 2002) (collecting cases); *Kaminski v. United States*, 339 F.3d 84, 86-88 (2d Cir. 2003) (discussing the application of the statutory "in custody" requirement to fines and restitution orders)). The Court agrees and will dismiss this ground. To the extent this second ground for relief can be read to challenge the underlying factual findings made by the jury at trial that supported restitution, any such challenge must also fail as procedurally defaulted because it was not raised at trial or on direct appeal.

### E. Ground Four, Ineffective Assistance of Counsel

Mr. Fischer claims as his fourth ground that his counsel was ineffective at trial because they "told [him] not to testify." Dkt. #1 at 8.

The standards to be applied to ineffective assistance claims are those defined in *Strickland v. Washington*, 466 U.S. 668 (1984). Such a claim has two components: inadequate performance by counsel, and prejudice resulting from that inadequate performance. To prevail, a defendant first must show that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*,

466 U.S. at 690. "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id*. at 687. However, "[a] fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id*. at 688 (citation omitted). The presumption is that counsel was competent. *Id*. Even if the first part of the Strickland test is satisfied, a defendant is not entitled to relief unless he can show prejudice. *Id*. at 687.

The Government argues that the strategic advice of Mr. Fischer's counsel that he not take the witness stand "was reasonable under the circumstances and in no way deficient under the law." Dkt. #6 at 15. The Government points out that Mr. Fischer never asserts his counsel denied him his right to testify after he had decided to do so, and cites to case law asserting that waiver of the right to testify may be inferred from the defendant's conduct and is presumed from the defendant's failure to testify…" *Id*. at 16 (citing *United States v. Joelson*, 7 F.3d 174, 177 (9th Cir. 1993)). The Court agrees with the Government that "[n]othing in the record contradicts the conclusion that Fischer assented to his counsel's strategic advice that he not testify, and was not somehow denied his right to do so through their deficient performance." *Id*. This claim is properly dismissed as well. The Court notes that Mr. Fischer has also failed to demonstrate prejudice, and the Court cannot see how he could show prejudice given the strength of evidence against him at trial. Mr. Fischer does not elaborate in his Motion as to what his testimony would have been.

## F. Certificate of Appealability

A petitioner seeking post-conviction relief under § 2255 may appeal this Court's dismissal of his petition only after obtaining a Certificate of Appealability ("COA") from a district or circuit judge. The Court finds that a COA is not warranted in this case. A COA may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of [her] constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003). The Court finds the law above is clear and there is no basis to issue a COA.

## G. Motion for Court-Appointed Counsel

Having so ruled above, Petitioner's Motion for Court-Appointed Counsel, Dkt. #4, is moot. However, even if the Court were to consider it, Mr. Fischer has failed to set forth a basis for counsel.

The district court has the discretion to appoint counsel in habeas matters. *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986). The district court must appoint counsel in a § 2255 action when an evidentiary hearing is warranted pursuant to Rule 8(c) of the Rules Governing § 2255 Cases, *United States v. Duarte-Higareda*, 68 F.3d 369 (9th Cir. 1995), and when necessary for effective discovery pursuant to Rule 6(a). The district court also must appoint counsel when the case is so complex that the lack of counsel would result in the denial of due process. *See Brown v. United States*, 623 F.2d 54, 61 (9th Cir. 1980) (citing *Dillon v. United States*, 307 F.2d 445, 446-47 (9th Cir. 1962)). The Court may also consider whether the interests of justice otherwise require the appointment of counsel. *See Terrovona v. Kincheloe*,

912 F.2d 1176, 1181 (9th Cir. 1990) (quoting 18 U.S.C. § 3006A(a)(2)(B)). This determination is guided by an assessment of petitioner's ability to articulate his claim, the complexity of the legal issues, and the likelihood of success on the merits. *See Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983) (per curiam).

First, as discussed above, Mr. Fischer's claims are easily dismissed for largely procedural reasons. Second, the issues presented in Mr. Fischer's motion are not particularly complex. Finally, Mr. Fischer has demonstrated he is able to effectively articulate his claims, although he has apparently been unable to file a timely Reply brief. Based on these findings, the Court concludes that appointment of counsel is not warranted, and that prior appointment of counsel would not have affected the Court's disposition of this Motion.

### IV.     CONCLUSION

Having considered Petitioner's motion, Respondent's answer thereto, and the remainder of the record, the Court hereby finds and ORDERS:

1. Petitioner's Motion under § 2255 (Dkt. #1) is DENIED. No COA shall be issued.
2. Petitioner's Motion for Court-Appointed Counsel, Dkt. #4, is DENIED AS MOOT.
3. This matter is now CLOSED.
4. The Clerk of the Court is directed to forward a copy of this Order to Petitioner and all counsel of record.

DATED this 8 day of January, 2019.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE